IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) 2:21-CR-505 |
| v. | ) ) |
| FAHEEM BOWERS, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM ORDER

Before the Court is Defendant Faheem Bowers's motion for early termination of his supervised release (ECF 5). For the following reasons, the motion is **DENIED**.[1]

The Court has reviewed Mr. Bowers's motion, the government's response (ECF 7), and Mr. Bowers's reply (ECF 9), as well as the recommendation of the probation office (ECF 8). Considering the parties' positions and after carefully reviewing the Section 3553(a) sentencing factors, the Court finds that early termination of Mr.

---

[1] The Court has discretion to terminate a term of supervised release at any time after the expiration of one year of supervised release. 18 U.S.C. § 3583(e)(1); *United States v. Sheppard*, 17 F.4th 449, 455 (3d Cir. 2021); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018). In weighing a motion for early termination of supervised release, the Court must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). The Court need not, however, "make specific findings of fact with respect to each of these factors[.]" *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020). After considering those factors, the Court may then terminate a term of supervised release if "warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). In assessing the "interest of justice," this Court has set forth three generally-controlling considerations: (1) whether the initial term of supervised release was subject to a mandatory minimum; (2) the amount of time served on supervised release and the defendant's history of compliance; and (3) unforeseen or new circumstances. *United States v. Wilson*, No. 19-08, 2023 WL 2957427, at *1 (W.D. Pa. Apr. 14, 2023) (Ranjan, J.). It is Mr. Bowers's burden to show that early termination is warranted. *United States v. Starkey*, No. 14-90, 2022 WL 5169824, at *1 (W.D. Pa. Oct. 5, 2022) (Ranjan, J.).

Bowers's supervised release is not appropriate. The mandatory minimum three-year term of supervised release remains consistent with the Section 3553(a) factors, primarily for the reasons set forth in the government's opposition.

Even if those factors favored early termination, Mr. Bowers fails to show that early termination of his supervised release is in the interest of justice. This is so, for at least three reasons.

First, the three-year term of supervised release is mandatory under 21 U.S.C. § 841(b)(1)(C). To allow Mr. Bowers to end prematurely a supervised-release term that is mandated by statute would be an end around Congress's express dictates. *See Wilson*, 2023 WL 2957427, at *1.

Second, contrary to his assertion that he has exhibited "exemplary" conduct, Mr. Bowers has not fully complied with the terms of his supervised release. ECF 5, p. 4. Mr. Bowers admitted that he has traveled outside the district without permission multiple times. ECF 4, p. 3. Less than a year ago, without approval, he flew to San Francisco, California with $45,400.00 in cash. This violation is particularly concerning given Mr. Bowers was unemployed at the time, could not offer proof of the source of the money, and because he was sentenced for crimes involving drug trafficking.[2] Indeed, as a result of this violation, the Court modified the conditions of Mr. Bowers's release and imposed a 90-day curfew. ECF 4.

That Mr. Bowers has not further violated the terms of his supervised release does not change the Court's decision. Even full compliance with the conditions of supervision does not, standing alone, warrant early termination of supervised release. *United States v. Triplett*, No. 16-248, 2020 WL 6701023, at *4 (W.D. Pa. Nov. 13, 2020) (Conti, J.) ("Compliance . . . is *required* behavior while serving a term of

---

[2] Mr. Bowers claimed that he received the money from casino winnings and from family members to invest in his business, though he could not offer proof of its source. ECF 4, p. 3.

supervised release." (emphasis in original)). Mr. Bowers's recent compliance "may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community." *Thomas v. United States*, No. 05-205, 2023 WL 5581077, at *5 (W.D. Pa. Aug. 29, 2023) (Conti, J.).

Third, Mr. Bowers does not point to any unforeseen or new circumstances warranting termination. Though Mr. Bowers founded two companies following his release from prison, and notes that the travel restraints "could be a potential liability" to their growth, a new job opportunity is not categorically a reason for early termination. ECF 5, p. 4; *See, e.g.*, *United States v. Frankel*, No. 17-242, 2022 WL 17852029, at *5 (W.D. Pa. Dec. 22, 2022) (Conti, J.) (declining to terminate supervised release on basis of compliance with conditions of probation and desire to seek employment). Rather, the Court considers requests for termination on a case-by-case basis. *See, e.g.*, *United States v. Fryson*, No. 21-352, at ECF 8 (W.D. Pa. Feb. 24, 2023) (terminating probation early where it prevented defendant from obtaining a new job opportunity). Mr. Bowers does not offer any evidence beyond conjecture that his supervised release has or will impede his businesses. In any event, in nine months Mr. Bowers will be free to explore any business opportunities foreclosed by the terms of his supervised release. Until then, if Mr. Bowers must travel for work, he may request permission to do so from his probation officer or the Court.

Mr. Bowers also expresses concern that the travel restraints will hamper his ability to visit and care for his ailing grandfather, who lives in South Carolina. The Court is sympathetic to Mr. Bowers's concerns about his grandfather's health. But that does not warrant early termination of Mr. Bowers's supervised release. Mr.

…

- 4 -

Bowers may request permission to visit his grandfather, provided he continues to comply with the conditions of release.[3]

****

Accordingly, it is hereby **ORDERED** that Mr. Bowers's motion for early termination of his term of supervised release is **DENIED**.

DATED: January 31, 2024          BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[3] Likewise, if Mr. Bowers intends to move to South Carolina before the end of his supervised release, he may request a transfer of supervision.